## FIRST ·N. BANK v. CHAS. K. LADD ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF BRADFORD COUNTY.

Argued March 20, 1889—Decided May 6, 1889.

1. Where there is a fair and honest consideration for the assignment of a judgment, it is not necessary to set out in the assignment the purpose to which the proceeds are to be devoted by the assignee, and a subsequent attaching creditor of the assignor is bound by the assignment, to the same extent as the assignor.
2. A statement in the answers of a garnishee, who is also the assignee of the judgment, in such case, that the assignment was made to him as collateral security for a note, if uncontradicted by other evidence, will be taken as true.
3. The original assignment to the garnishee, in such case, having recited that it was made subject to a previous assignment of $500 of the judgment to one L., a third person, the effect of the two assignments was to make the garnishee a trustee for L. to the extent of $500, before he could · derive any benefit from the assignment himself.
4. The assignment to L. having been put in evidence, set up in the garnishee's answers, and in a petition by L. praying that she be made a party defendant on the record, the facts concerning it could be tried on the answers of the garnishee, without a separate issue.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and McCOLLUM, JJ.

No. 189 July Term 1888, Sup. Ct.; court below No. 593 · February Term 1885, C. P.

On January 27, 1885, The First National Bank of Towanda issued an attachment execution on a judgment for $7,200 against C. M. Manville, and summoned E. T. Fox and others as garnishees.

The answers filed by Fox to the interrogatories of the plaintiff, so far as essential to the case, were as follows:

Answer to 2d interrogatory: On November 25, 1884, the said C. M. Manville owed me $1,000 for which I held his judgment note. That day he assigned to me as collateral security a judgment he held against N. P. Hicks for $4,650 which was entered in said Court of Common Pleas to No. 551 December Term 1884. Said assignment filed in said No.· is as follows,

viz.: "For value received to me in hand made, I do assign the above described judgment to E. T. Fox, subject, however, to an assignment made by me to Mrs. M. A. Lyman on the 17th November 1884, of $500 interest in the same. Towanda, November 25, 1884:" Signed C. M. MANVILLE. Said assignment was filed November 26, 1884. At the same time I entered into a written agreement with the said Manville, as follows:

Whereas, C. M. Manville is the owner of a judgment in Bradford county Common Pleas, against N. P. Hicks, No. 551 December Term 1884, and E. T. Fox, and E. T. Fox, trustee, is the owner of several other judgments against said N. P. Hicks, and whereas executions have been issued upon all of said judgments, and the property of said N. P. Hicks is now advertised to be sold by the sheriff of Bradford county, the execution on the above described judgment of C. M. Manville being the first lien on the personal property of said Hicks; now, therefore, for one dollar paid to C. M. Manville by E. T. Fox, the receipt whereof is hereby acknowledged, and for certain other considerations hereinafter named, the said C. M. Manville does hereby agree to divide the money arising from said sheriff's sale of personal property of N. P. Hicks which may be applicable to the execution in favor of said Manville, with E. T. Fox, in proportions of $4,650 to $1,000; that is to say, C. M. Manville represents $4,650, and E. T. Fox $1,000, and the money is to be divided between them pro rata, in that proportion. And in order to carry out said agreement, C. M. Manville and E. T. Fox will attend the sheriff's sale of said property, and will bid off such portions of the property as do not bring prices satisfactory to them, and dispose of it at private sale, and all the money received by said sheriff, that is applicable to said Manville's writ, and all the money received from such private sales of said property, shall be divided between said Manville and Fox in the proportion, above mentioned. And as a further consideration to said C. M. Manville by said Fox, the said E. T. Fox agrees that he will not sell the real estate of said Manville on a judgment now standing against C. M. Manville, at any time, unless requested to do so by C. M. Manville. Witness our hands this 25th day of November, 1884.

C. M. MANVILLE.

E. T. FOX.

Statement of Facts.

On October 27, 1884, the said Manville had indorsed a note dated that day for $3,000 at three months, signed by the said N. P. Hicks, and which the said Hicks had obtained the money on from the Citizens National Bank of Towanda, and at that time, November 25, 1884, said Manville had assigned to said bank as collateral to said note certain obligations upon which the bank subsequently realized sufficient to reduce the amount due the bank at the present time on said note to $506.52. In the judgment taken against the said Hicks and by the said Manville assigned to me as above, the latter included the $3,000 note which he had indorsed October 27, 1884, as aforesaid, and said bank makes claim that, as I had knowledge of this fact, it is entitled to receive out of the money collected on said judgment No. 551 December Term, 1884, said balance of $506.52, and I have paid over with the consent of said attaching creditor said sum to said bank.

Answer to 3d interrogatory : Under the said agreement of November 25, 1884, I attended the sale of said Hicks property and bid in all or nearly all of it when it was sold by the sheriff on execution issued on the judgment so assigned to me, and I have since sold the same except as hereinafter stated. I received from said sales less expenses $3,749.61 out of which I have taken to apply on my judgments against N. P. Hicks $663.65, my proportion under said agreement, leaving a balance of $3,085.96, being Manville's interest which was assigned to me as collateral security for the $1,000 note as aforesaid, less any interest Mrs. Lyman may have by virtue of her prior assignment. Prior to the service of said attachment said Manville had given Wm. Little, Esq., an order on me for $115 which I had accepted prior to said attachment, and the amount of which I have paid said Little ; and the said Manville had received prior to said time $32.20, which left at the time of the issuing of said attachment in my hands goods, etc., to the value of $1,848.76. From this deduct $506.52 paid the Citizens National Bank as aforesaid, leaves in my hands $1,342.24 belonging to the said Manville or to the said Manville and Mrs. M. A. Lyman, as per assignment of $500 made to her as heretofore stated.

The assignment to Mrs. Lyman, referred to in the above answers, was as follows :

Charge of Court below

" For a valuable consideration I this day assign to Mrs. M. A. Lyon, wife of Doctor Lyman, $500 of the within described judgment November 17, 1884. C. M. MANVILLE."

The plaintiff in the attachment, the First N. Bank of Towanda, claiming that Fox had a greater balance in his hands than he admitted, did not take judgment upon the answers.

On September 5, 1887, upon petition of Mrs. Lyman setting forth her interest in the fund in the hands of Fox, the garnishee, the court ordered her name entered on the record as a defendant in the attachment execution, and on September 15th, Fox alone pleaded, nulla bona, except as set forth in his answers to the interrogatories, and $40 received afterwards upon sale of an organ. Subsequently the death of Fox was suggested, and Charles K. Ladd and William Little, his administrators, were substituted of record.

Upon the trial, February 14, 1888, the foregoing answers having been offered in evidence with other testimony, the plaintiff contended that Fox had no right to apply any part of the collateral in his hands toward the payment of his $1,000 note against Manville, as that was not specified in the assignment of the $4,650, or in the agreement, relating thereto; and further, that Fox should not be allowed to defend as to the amount of Mrs. Lyman's claim, in the absence of proof of payment to her, or of a defence specially setting up Mrs. Lyman's claim as a lien upon the fund attached; and that her claim should be adjudicated in an interpleader framed for that purpose.

The court, SITTSER, P. J., 44th judicial district, refusing to sustain the plaintiff's contentions, charged the jury:

This is an attachment execution on a judgment held by the First National Bank of Towanda against C. M. Manville, in which E. T. Fox was summoned as garnishee. The amount in the hands of E. T. Fox, less expenses, is $3,989.61. Mr. Fox's proportion of this was $706.13, and Mr. Manville's proportion was $3,283.48. From this we deduct what is called the Fox note, of $1,090, and the amount paid by Mr. Fox to Mr. Little on an order of Mr. Manville, which was $115, and the amount paid to Mr. Manville himself, which was $32.20, and note to the

Citizens National Bank, $506.52, and a portion of the judgment which was previously assigned to Mrs. M. A. Lyman, $505, and this leaves a balance of $1,034.76 in the hands of Mr. Fox, due to Mr. Manville, or his estate, and for that amount you will render your verdict in favor of the plaintiff.

The jury rendered a verdict accordingly. A rule for a new trial having been overruled, judgment was entered on the verdict, when the plaintiff took this writ, assigning for error, the direction of the verdict for the plaintiff for but $1,034.76.

*Mr. Rodney A. Mercur*, for the plaintiff in error.

*Mr. E. Overton, Jr.*, for the defendant in error.

OPINION, MR. JUSTICE GREEN:

By the terms of the written agreement between Manville and Fox dated November 25, 1884, the proceeds of the goods of Hicks sold by the sheriff were to be divided between them in the proportion of $4,650 to Manville and $1,000 to Fox. Under the last clause of the same agreement it was stipulated that as to all goods which they might buy at the sale they should be sold thereafter at private sale and the money resulting should be divided in the same proportions. Fox's share of all these moneys was due to him by virtue of his own judgments and executions against Hicks. In addition to these he had another claim which was against Manville, a note for $1,000, and secured by a judgment. As collateral security for that he took an assignment from Manville of Manville's judgment against Hicks for $4,650. This assignment also was made on the same 25th of November, 1884. Whatever right, therefore, Manville had or could have to the money arising from the sheriff's sale, or from the subsequent sale of goods purchased at that sale, was by the said assignment pledged to Fox as collateral to the $1,000 note. Manville was undoubtedly bound by this assignment and agreement as to the distribution, and of course his attaching creditor was bound to the same extent. We are quite unable to discover any reason why Fox cannot avail himself of the moneys in his hands, whether coming from the sheriff's sale directly or from the subsequent sale of goods bought at that sale, for the protection of his $1,000 note. Those moneys all grew out of

the proceedings on the judgment for $4,650 which was specifically assigned, and whatever advantage accrued under that judgment passed by the assignment. Fox says in his answers the assignment was made as collateral security for the note of $1,000, and there is nothing to contradict him on that subject. The assignment itself is printed and it is absolute in its form and passed all of Manville's title. But as Fox only claimed enough to pay his note, his demand would be satisfied by the application of so much of the proceeds in his hands as would pay his note, and this is precisely the way in which his account of the proceeds is made up. It is not at all necessary that the specific purpose to which the proceeds derived from the $4,650 judgment were to be applied should be set out at length in the assignment, if in point of fact there was a fair and honest consideration for the assignment. This has been expressly alleged by Fox in his answers, and as he is not contradicted his statement on that subject is entitled to full credit.

As to the Lyman claim, it was specially charged upon the $4,650 judgment by the express terms of the assignment to Fox; that assignment was made subject to the previous assignment of $500 of the same judgment to Mrs. Lyman on November 17, 1884. The Lyman assignment on that day was also given in evidence and the effect of the two assignments was to make Fox a trustee for Mrs. Lyman to the extent of $500, in advance of any benefits which he could take out of the proceeds realized by him. We can see no necessity for a separate issue in the Lyman assignment. It was set up both in Fox's answers and in her own petition. No issue was asked for and as the truth of the facts could just as well be tried on the answers of the garnishee, there was no occasion for any.

Judgment affirmed.